IN RE GEORGE J. SAGE.

1. **Sufficiency of Commitment Issued by Notary against Witness Refusing to Testify.**

An order of commitment of a witness for contempt for refusing to be sworn, issued by a notary public before whom his deposition is sought to be taken, is not defective in failing to show a specific order that the witness be sworn, when it recites that the witness unlawfully refused to be sworn; such order of com-

mitment need not recite that the notary was not a relative or attorney of either party, or otherwise interested in the action.

**2. Oath Includes Affirmation Obligating Witness to Testify to Truth.**
An oath includes an affirmation and embraces every method whereby the conscience of a witness is obligated to testify to the truth.

**3. Witness cannot Interpose Defense of Former Deposition the Pertinent Facts of Which He Refuses to Answer.**
A deposition in which it appears that a witness refused to answer many pertinent questions of vital importance of the case in which taken is not the instant case is not a deposition of such witness precluding an other order to take his deposition, especially since the former attempted taking was not between the same parties and not binding on the party applying for the order.

ERROR.

*George A. Groot, Herman Preusser* and *H. L. Peeke,* for plaintiff in error.

*Stanley & Horwitz,* for defendant in error.

## RICHARDS, J.

While the case of *Ohio Assets Co.* v. *George A. Groot, et al* was pending in the common pleas of Cuyahoga county, the plaintiff gave due notice to the defendants that the deposition of George J. Sage would be taken on October 19, 1914, before a notary public in Erie county, in which county said Sage resided. A subpoena was served on Sage to appear at the time and place named and testify as a witness. The witness appeared in accordance with the command of the subpoena but refused to be sworn as a witness. He was thereupon committed to the jail of Erie county by order of the notary public, for contempt, whereupon he sued out a writ of habeas corpus in the probate court, and on a hearing being held in that court he was discharged. Error was prosecuted from that decision to the court of common pleas, where the judgment of the probate court was reversed and the petitioner remanded to the custody of the sheriff. To reverse this latter decision rendered by the court of common pleas, this proceeding in error is brought in this court.

The order of commitment issued by the notary public recites, substantially, the facts of the pendency of the action in 'Cuyahoga county; the service of notice on October 14, 1914, to take the deposition of Sage at the office of the notary on October 19, 1914; that the witness appeared at the office of the notary at

Sage, In re.

the time specified; that his fees as a witness had been paid; that he was called by plaintiff in that case as a witness, and that he refused to be sworn as a witness in the taking of said deposition. The commitment further recites that thereupon the notary found and determined that he was guilty of contempt by his unlawful refusal to be sworn as a witness, and ordered and adjudged that he be imprisoned in the county jail of Erie county, there to remain until he should submit to be sworn, testify and give his deposition, or until otherwise legally discharged.

When the case came on to be heard in the probate court counsel for the petitioner moved that court for a discharge of the prisoner for two reasons: first, that the commitment is defective in that it does not specify the cause of commitment as required by law; and, second, that the return of the sheriff fails to show the facts in reference to the case which are required to be set out by the sheriff in making his return.

On the hearing of the case in the court of appeals it was insisted by counsel for the petitioner that the commitment issued by the notary is insufficient for the reason that it does not show that any order was made upon him to be sworn or to give his testimony at such hearing, and that the notary had no authority to issue the commitment because the witness' deposition could not be taken a second time, it having already been taken in said action. It is further insisted on behalf of the petitioner that the commitment is defective in that it fails to show that the notary is not a relative or attorney of either party or otherwise interested in the action; and it was contended in oral argument that the commitment is defective in failing to show that the witness had refused to be affirmed as well as refused to be sworn.

The order of commitment as recited contains a finding by the notary public that the witness had unlawfully refused to be sworn as a witness, and such refusal necessarily involves a finding that the witness had been lawfully called upon to testify. The refusal of the witness to testify could not be an unlawful refusal unless the circumstances were such that the witness was properly required to testify, and when the notary finds and determines that the witness has unlawfully refused to testify, he has made all the finding in that respect which is required by law. (Sec. 11510 G. C.)

In view of the evidence contained in the bill of exceptions, the contention that this was a second taking of the deposition of the witness and that, for this reason, the notary had no authority to commit him for contempt, certainly exhibits ingenuity. It appears in the bill of exceptions that an attempt had been made to take the deposition of this witness in the same case on September 10, 1914, on which occasion the witness appeared and was sworn, but refused to answer very many material questions. The issue in the case was whether a certain conveyance of real estate, from Groot to his brother-in-law, Sage, situated on Scovill avenue in the city of Cleveland, was fraudulent as against creditors, the plaintiff claiming that the conveyance had been made without consideration and that it was invalid. In view of this issue in the pleadings, the witness was inquired of when the first attempt was made to take his deposition, as to how much he had paid for the property. His answer was, "That is my own business. I shall give no answer to that. It is none of your business. I am not going to answer." He was asked whether his answer would incriminate him in any way and he answered that it would not. The notary thereupon held that the answer was sufficient and that he could not compel the witness to answer further.

The deposition of September 10 contains many other illustrations of refusals to answer pertinent questions. It is impossible to conceive of any circumstances which would have justified these refusals, and, as the questions to which answers were desired were of vital importance in the case and the special fact which plaintiff desired to prove, it could not in any sense be said that the deposition of the witness had in fact been taken. It is true that many years before, an action had been brought by some other creditor to set aside the conveyance and that such creditor had failed in the action, but the plaintiff in the action in which the deposition was being taken was not a party to the prior action and in no sense bound by the judgment therein rendered. In addition to all this, the trial of the case in which the deposition of September 10 was taken was commenced, and that deposition, such as it was, was offered in evidence. The trial court, apparently concluding that it was in effect no deposition so far as the material issue was concerned, stopped the trial,

manifestly for the purpose of enabling the plaintiff to take the deposition of Sage, and if any order to take a second deposition was necessary, this action of the court would be a substantial compliance therewith.

It is said that the commitment is defective because it fails to show that the witness refused to affirm; and this contention is made in the face of the language contained in Sec. 1 G. C., where it is enacted that, "the word 'oath' includes affirmation." The same enactment is again contained in Sec. 10213. It is provided in Sec. 11542, that the officer before whom the deposition is taken shall certify that the witness was first "sworn" to testify, etc., and it is further provided in Sec. 12137, that a refusal to be sworn may be punished as for a contempt. Section 11510 G. C. has been held applicable to confer power on notaries public, *Decamp* v. *Archibald,* 50 Ohio St. 618 [35 N. E. 1056; 40 Am. St. 692]; *Jennings, Ex Parte,* 60 Ohio St. 319 [54 N. E. 262]. We hold, in view of these provisions, that an oath, within the meaning of the statutes, embraces every method whereby the conscience of a witness is obligated to testify to the truth. The sections of the code cited show that the objection was a mere triviality. In addition to this, the record discloses that the witness had in fact been sworn, without objection on his part, when they sought to take his deposition a month previous, so that he evidently had no conscientious scruples against taking an oath.

The contention that the warrant of commitment is defective in that it fails to show that the notary was not a relative or attorney of either party, or otherwise interested in the action, is without merit. The record shows that the notary public was duly qualified as such within the county of Erie, and that he had jurisdiction of the person of the petitioner who was duly subpoenaed as a witness, and he had, of course, jurisdiction and authority to take depositions. It would be announcing altogether too strict a rule to say that the absence of every disqualification must appear in the commitment. If it were true that the notary was subject to any disqualification, that fact could easily be made to appear on the hearing of the habeas corpus proceeding, and no attempt was made to show that. The whole record dis-

Erie County Circuit.

closes a persistent and flagrant attempt to frustrate the endeavors of the plaintiff to ascertain the truth on issues properly made and awaiting determination in a court of justice.

Finding no error, the judgment of the court of common pleas will be affirmed.

KINKADE and CHITTENDEN, JJ., concur.